UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NIELSON, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-2613 MCE KJN P<br><br>ORDER |

Plaintiff is a county jail inmate, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed with this action in forma pauperis pursuant to 28 U.S.C. § 1915. Multiple requests have been filed by plaintiff, which the court addresses below.

Plaintiff filed requests for a court-appointed investigator. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989). The in forma pauperis statute does not authorize the expenditure of public funds for investigators. See 28 U.S.C. § 1915. Thus, plaintiff's requests are denied.

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d

1

1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Finally, plaintiff filed a motion to compel discovery. However, no operative pleading is on file,[1] and no defendant has been served with process or appeared in this action. Because no defendant has been served with process or filed a responsive pleading, any discovery requests served on such defendant is ineffective. Plaintiff is advised that absent a court order, he cannot conduct discovery until after the court issues its discovery and scheduling order. Because no properly-served discovery requests are at issue, plaintiff's motion to compel discovery is improperly-filed and is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for a court-appointed investigator (ECF No. 11 and 13) is denied;

////

---

[1] In his subsequent filings, plaintiff makes clear that he is a pretrial detainee awaiting trial, and mentions difficulties he is experiencing in his pending criminal action. Plaintiff is advised that under Younger v. Harris, 401 U.S. 37 (1971), a federal court may not interfere with the pending state criminal case. Younger abstention is required if four requirements are satisfied: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves." San Jose Silicon Valley, 546 F.3d at 1092 (citing Gilbertson v. Albright, 381 F.3d 965, 978 (9th Cir. 2004) (*en banc*), and AmerisourceBergen Corp. v. Roden ("ABC"), 495 F.3d 1143, 1149 (9th Cir. 2007) ). Because plaintiff is awaiting trial, application of these factors would require this court to abstain from considering plaintiff's claims concerning his pending criminal case in this federal civil rights action, requiring dismissal of any such claims.

2. Plaintiff's motion for the appointment of counsel (ECF No. 17) is denied without prejudice; and

3. Plaintiff's motion to compel discovery (ECF No. 15) is denied.

Dated: November 29, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

khad2613.31c