UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NIELSON, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-2613 KJN P<br><br>ORDER |

I. Introduction

Plaintiff is a pretrial detainee, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's second amended complaint is now before the court. As discussed below, plaintiff's pleading is dismissed with leave to amend.

II. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

////

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

III. Plaintiff's Allegations

Plaintiff's second amended complaint again includes unrelated allegations concerning incidents at two different correctional facilities, the South Placer and Auburn Jails, against various employees who work there. In his first cause of action, plaintiff checks the box,

"disciplinary proceedings." (ECF No. 28 at 5.) Plaintiff claims his teeth were knocked out and he also suffered emotional distress, and loss of brain protein. Plaintiff claims defendants Nielsen, Langes, Jones, Michael and Waskowjak were deliberately indifferent to plaintiff's serious medical needs, which constituted cruel and unusual punishment under the Eighth Amendment. Further, plaintiff alleges defendants Nielsen, Waskowjak, and Langes violated plaintiff's due process rights in connection with disciplinary conduct. (ECF No. 28 at 6.)

In his second cause of action, plaintiff checked the box, "excessive force," and claims his left arm, neck, and voicebox were injured, causing him to cough up blood for two weeks, apparently as a result of defendant Langes' use of force on October 10, 2018.

As supporting facts, plaintiff alleges he was denied his first free phone calls during booking into the Auburn Jail, and on May 12, 2017, he was attacked by an inmate on psychotropic medication. Plaintiff claims the disciplinary report was dismissed because prison officials found plaintiff was defending himself. (ECF No. 28 at 7.) After his transfer to the Placer County Main Jail on June 24, 2017, defendants housed plaintiff with an inmate on psychotropic medication and despite plaintiff's prior warning to jail officials that plaintiff was in fear for his safety, defendants failed to protect plaintiff from an attack by the cellmate on July 25, 2017, resulting in physical and emotional injuries. Plaintiff was transferred to a state hospital for six months due to his defense counsel's ineffective assistance. Plaintiff was transferred back to the Auburn Jail on June 12, 2018, where he was allegedly injured during defendant Langes' use of excessive force on October 10, 2018. (ECF No. 28 at 11-14.)

III. Discussion

    A. Unrelated Claims

The court has reviewed the pleading pursuant to § 1915A and finds it must be dismissed with leave to amend because the claims asserted are not properly joined under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants. Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to

all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Here, the acts or omissions giving rise to plaintiff's claims happened at different locations and times, and were not part of the same transaction, occurrence or series of transactions or occurrences, and are against different defendants. Even as to those incidents involving the same defendants, such incidents were not part of the same transaction, and must therefore be pursued in separate lawsuits. Such claims are dismissed because they do not (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants. The dismissal of the improperly joined claims and parties means only that they cannot be pursued in this one action. Plaintiff is free to file new actions as to the claims he chooses not to pursue in this action.

B. Post-September 24, 2018 Incidents

In his second claim, plaintiff alleges violations of his constitutional rights based on the use of force on October 10, 2018. While it appears plaintiff may be able to state an excessive force claim based on such incident, plaintiff may not include claims concerning incidents that took place after the filing of this action on September 24, 2018. In other words, in this lawsuit, plaintiff may not pursue claims resulting from the October 10, 2018 incident. Inmates are required to exhaust administrative remedies prior to filing a federal court action; because the instant action was filed before the October 10, 2018 incident took place, it was not possible for plaintiff to exhaust his administrative remedies prior to this action.[1] Moreover, plaintiff was advised on November 9, 2018, that plaintiff "may not change the nature of this suit by alleging new, unrelated claims." (ECF No. 9 at 6.)

Thus, plaintiff's second claim must be pursued in a separate civil rights action, and should not be included in any further pleading herein.

---

[1] Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement "applies to all inmate suits about prison life," Porter v. Nussle, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001). Unexhausted claims require dismissal. See Jones v. Bock, 549 U.S. 199, 211 (2007).

C. Plaintiff's First Claim

Aside from referencing multiple unrelated incidents, plaintiff's first claim is too vague and conclusory for the court to find plaintiff has stated a cognizable civil rights claim. Liberally construed, it appears plaintiff may be able to state a cognizable claim that jail officials failed to protect plaintiff from the inmate's assault on July 25, 2017. However, plaintiff must identify the individuals he alleges he alerted to his safety fears ahead of the assault, and then identify individuals he alleges failed to protect plaintiff before or during the assault, including specific factual allegations as to what each individual did or did not do.[2]

It is unclear whether plaintiff can state a related claim of deliberate indifference to his serious medical needs. Although plaintiff contends his medical care was delayed, it appears he received treatment from a nurse a few hours later.

The Fourteenth Amendment guarantees pretrial detainees constitutionally adequate health care during their detention. Conn v. City of Reno, 591 F.3d 1081, 1094 (9th Cir. 2010), cert. granted, judgment vacated sub nom. City of Reno v. Conn, 563 U.S. 915 (2011), opinion reinstated, 658 F.3d 897 (9th Cir. 2011). An official's deliberate indifference to a detainee's serious medical needs violates the Fourteenth Amendment. Farmer v. Brennen, 511 U.S. 825, 828 (1994). A serious medical need exists where failure to provide medical treatment "could result in further significant injury or the unnecessary and wanton infliction of pain." Conn, 591 F.3d at 1095.

The Supreme Court has treated medical-care claims like other conditions-of-confinement claims, such as failure-to-protect claims. Gordon, 888 F.3d at 1124. Indeed, "the medical care a

---

[2] As a pretrial detainee, plaintiff's claims arise under the Fourteenth Amendment rather than the Eighth Amendment. See Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016), cert. denied, 137 S. Ct. 831 (2017) ("Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause, or if not yet convicted, under the Fourteenth Amendment's Due Process Clause.") (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979). "Under both clauses, the plaintiff must show that the . . . officials acted with 'deliberate indifference.'" Castro, 833 F.3d at 1068 ("[A] pretrial detainee who asserts a due process claim for failure to protect [must] prove more than negligence but less than subjective intent -- something akin to reckless disregard."); Gordon v. Cty. of Orange, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (inadequate medical care claims alleged by persons in pretrial custody "must be evaluated under an objective deliberate indifference standard.") (citing Castro, 833 F.3d at 1070).

prisoner receives is just as much a condition of his 'confinement' as . . . the protection he is afforded against other inmates." Wilson v. Seiter, 501 U.S. 294, 303 (1991). Until recently, however, the tests for these claims differed in one important way: medical care claims required the detainee to demonstrate the officials' subjective awareness of their medical risk. Conn, 572 F.3d at 1056. Other conditions-of-confinement claims required objective awareness of risk. See Kingsley v. Hendricks, 135 S. Ct. 2466, 2472-73 (2015).

Last year, the Ninth Circuit revised the test for claims of deliberate indifference against individual defendants to a pretrial detainee's medical needs. Gordon, 888 F.3d 1118. Gordon standardized the test for medical-care claims by dropping Conn's subjective awareness requirement and imported a purely objective standard from other conditions-of-confinement claims. Id. at 1124-25. In order to demonstrate deliberate indifference to a detainee's serious medical needs, a plaintiff must satisfy the following four elements: (1) each individual defendant made an intentional decision related to the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at risk of suffering serious harm; (3) the defendant failed to take reasonable steps to abate the risk even though a reasonable official in those circumstances would have understood the high degree of risk involved, making the consequences of their actions obvious; and (4) by failing to take those actions, the defendant caused the plaintiff's injury. Id.

The Gordon standard represents a wholly objective test against which the Court measures the defendant's behavior. Gordon, however, did not abandon the entire deliberate indifference framework. A showing of deliberate indifference still requires more than mere negligence. Id. at 1125 (citing Daniels v. Williams, 474 U.S. 327, 330-31 (1986)). The mere lack of due care is insufficient to prove a Fourteenth Amendment violation. Gordon, 888 F.3d at 1125.

Accordingly, plaintiff's medical claims fail if jail officials met the objective standard of care in their medical treatment of plaintiff. This objective analysis will necessarily "turn on the facts and circumstances of each particular case." Id. (internal quotations omitted). In order to state a cognizable civil rights claim concerning medical care, plaintiff is required to "prove more than negligence but less than subjective intent – something akin to reckless disregard." Id. But "a pretrial detainee need not prove those subjective elements about the officer's actual awareness

of the level of risk." Castro, 833 F.3d at 1071. Here, plaintiff's allegations concerning medical care following the July 25, 2017 incident are insufficient to meet this standard.

Finally, plaintiff's reference to disciplinary proceedings is unclear because he also claims the disciplinary against him was dismissed. Also, ineffective assistance of counsel claims are more appropriately raised in plaintiff's underlying criminal proceedings in state court, or in a petition for writ of habeas corpus also filed in state court while plaintiff's criminal charges remain pending.

IV. Leave to Amend

For all of the above reasons, plaintiff's second amended complaint is dismissed. However, the court grants plaintiff leave to file a third amended complaint raising only his failure to protect claims based on the July 25, 2017 assault by another inmate. If plaintiff can allege facts demonstrating a violation of his rights based on a failure to provide medical care for injuries sustained from the July 25, 2017 incident he is also granted leave to amend to include such claims. Plaintiff is cautioned that he should carefully review the elements of each claim and provide facts pertinent to each element. See pages 5-6 infra.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

////

////

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.[3] See Fed. R. Civ. P. 20(a)(2). Plaintiff should refrain from including any other allegations concerning incidents not related to the July 25, 2017 assault or medical care pertinent to injuries sustained therefrom. Plaintiff must raise other, unrelated claims, including his second claim, in separate lawsuits. Plaintiff is cautioned that failure to comply with this order may result in the imposition of sanctions, including dismissal of his action.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

---

[3] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

b. An original and one copy of the Third Amended Complaint.

Plaintiff's third amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The third amended complaint must be filed on the court's form, bear the docket number assigned to this case, and be labeled "Third Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

3. The Clerk of the Court shall send plaintiff the form for filing a civil rights action by a prisoner.

Dated: January 29, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/khad2613.14n3

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI,<br><br>        Plaintiff,<br><br>  v.<br><br>NIELSON, et al.,<br><br>        Defendants. | No. 2:18-cv-2613 KJN P<br><br>NOTICE OF AMENDMENT |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____      Third Amended Complaint

DATED:

_____
Plaintiff