UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI, | No. 2:18-cv-2613 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| NIELSEN, et al., | |
| Defendants. | |

Plaintiff is a county jail inmate, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This action proceeds on plaintiff's third amended complaint in which he alleges that on July 25, 2017, while housed in the Placer County Main Jail, defendants Sgt. Nielsen, Sgt. Jones, and Correctional Officers J. Langes, and Michoul violated plaintiff's Eighth Amendment rights by failing to protect plaintiff from an inmate attack and failing to provide medical care thereafter. No defendant has been served with process or appeared in this action. On March 11, 2019, plaintiff filed a motion styled "Generic Motion," in which he claims to seek injunctive relief. (ECF No. 38.) For the reasons set forth below, the undersigned finds that plaintiff's motion is too vague and incomplete to support a claim for injunctive relief, and therefore dismisses the motion without prejudice to renewal upon a proper showing.

////

1

Legal Standards

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). The Ninth Circuit has held that, even if the moving party cannot show a likelihood of success on the merits, injunctive relief may issue if "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation omitted). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. See Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.'" (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984)).

In addition, "a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969); SEC v. Ross, 504 F.3d 1130, 1138–39 (9th Cir. 2007). Similarly, the pendency of this action does not give the Court jurisdiction over prison officials in general or over plaintiff's litigation issues. Summers v. Earth Island Institute, 555 U.S. 488, 492-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). This Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. Summers, 555 U.S. at 492-93; Mayfield, 599 F.3d at 969.

Plaintiff's Motion

Plaintiff remains housed at the Placer County Main Jail. In the instant motion, plaintiff states that, upon his complaint, the supporting affidavits of plaintiff, and the memorandum of law

submitted herein, he seeks injunctive relief requiring defendants Nielsen, Langes, Jones, and Michoul, and their agents, to show cause why they should not be "restrained from violating plaintiff's right of the due process of law." (ECF No. 38 at 1.) No other factual allegations are provided. Plaintiff appends copies of inmate grievance forms pertaining to issues with food delivery to his cell in February of 2019.

Discussion

In the instant motion, plaintiff has utterly failed to address the elements required under Winter. Plaintiff's third amended complaint provides no support for injunctive relief because his allegations are based on Eighth Amendment violations that took place in July of 2017. Plaintiff filed no supporting affidavit or memorandum of law. Moreover, plaintiff failed to identify the basis for his request, other than his generic reference to due process, and included no specific factual allegations as to each named defendant. Plaintiff must set forth specific facts demonstrating why injunctive relief is needed, and must identify the relief sought. He may not simply rely on exhibits appended to his motion.

Finally, to the extent plaintiff is attempting to raise injunctive relief claims concerning the food delivery issues set forth in the appended grievances, such claims are not related to the Eighth Amendment claims pending in this action.[1] Thus, any claims concerning food delivery will not be heard on the merits in this action, and plaintiff cannot demonstrate a likely success on the merits of any food delivery claim because such claims are wholly unrelated to what took place at the Placer County Jail on July 25, 2017.

////

---

[1] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

3

For all of these reasons, plaintiff's "generic motion" is denied without prejudice to renewal by filing a proper motion addressing the standards set forth above.[2]

Conclusion

Accordingly, IT IS HEREBY ORDERED that plaintiff's "Generic Motion" (ECF No. 38) is denied without prejudice.

Dated: March 13, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/khad2613.pi

---

[2] If plaintiff wishes to seek relief on claims concerning food delivery in February of 2019, he must first exhaust his administrative remedies, and then may file a civil rights complaint in federal court. See Farmer v. Brennan, 511 U.S. 825, 847 (1994) ("When a prison inmate seeks injunctive relief, a court need not ignore the inmate's failure to take advantage of adequate prison procedures, and an inmate who needlessly bypasses such procedures may properly be compelled to pursue them.").