UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI,<br><br>            Plaintiff,<br><br>    v.<br><br>NIELSEN, et al.,<br><br>            Defendants. | No. 2:18-cv-2613 MCE KJN P<br><br>ORDER |

This civil rights action proceeds on plaintiff's third amended complaint raising Eighth Amendment claims against defendants Nielsen, Jones, Langes and Michoul. On April 15, 2019, plaintiff filed a document entitled "Plaintiff's First Request for Production of Documents." (ECF No. 46.) Plaintiff's request is premature as well as improper.

First, defendants have not yet been served with process or appeared in this action. Thus, any request for discovery is premature.

Second, plaintiff is informed that court permission is not necessary for discovery requests. Discovery requests served on an opposing party and that party's responses shall not be filed until such time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure. Discovery requests between the parties shall not be filed with the court unless, and until, they are at issue.

////

1

Third, the court has not yet issued a discovery and scheduling order. Until such order issues, plaintiff may not request discovery from defendants absent leave of court.

Finally, the court notes that many of plaintiff's requests are overbroad. For example, plaintiff seeks "the complete prison records of the plaintiff," "any and all medical records," and "any and all rules, regulations, and policies of the Placer County Main Jail regarding ordinary incidents of prison life. . . ." (ECF No. 46 at 1.) Plaintiff is cautioned that any future discovery requests must seek only such evidence relevant to plaintiff's Eighth Amendment claims in this action. In addition, plaintiff has an obligation to collect evidence on his own behalf; for example, he may personally seek relevant information from his own jail medical and central files by following jail procedures.[1]

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion (ECF No. 46) is denied. Plaintiff is cautioned that further filing of discovery requests or responses, except as required by rule of court, may result in an order of sanctions, including, but not limited to, a recommendation that this action be dismissed.

Dated: April 19, 2019

/khad2613.411

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants are not required to produce documents that do not exist or are not in the defendant's possession or control. See Fed. R. Civ. P. 34(a) (1); see also United States v. Int'l Union of Petroleum & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir. 1989) (a party seeking production of documents bears the burden of showing the opposing party has control over them). In addition, defendants are not required to produce documents that are equally accessible to plaintiff either through the jail library or in his inmate file or medical record. See, e.g., Quezada v. Lindsey, 2014 WL 5500800 at *3 (E.D. Cal. Oct. 30, 2014) ("Since any ordinances and laws governing health and safety are public documents, which are equally available to Plaintiff, Defendants cannot be compelled to produce them."); Ford v. Wildey, 2014 WL 4354600 at * 4 (E.D. Cal. Sept. 2, 2014) ("Defendant indicates that any such documents are located in his central file for which Plaintiff has equal access. This response complies with Rule 34 of the Federal Rules of Civil Procedure."); Valenzuela v. Smith, 2006 WL 403842 at *2 (E.D. Cal. Feb. 16, 2006) (defendants will not be compelled to produce documents that are "equally available to plaintiff in his prison medical file or in the prison law library.").