UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NIELSEN, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-2613 MCE KJN P<br><br>ORDER |

Plaintiff is proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of

1

legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under <u>Palmer</u>, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

The undersigned observes that plaintiff's motion for appointment of counsel is not signed by plaintiff. The motion contains plaintiff's typewritten name. Plaintiff is informed that every pleading he files with the court must contain his signature. <u>See</u> Fed. R. Civ. P. 11(a). Any future pleadings filed by plaintiff not containing his signature will be stricken.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 67) is denied without prejudice.

Dated: October 24, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

khad2613.31(5)