UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVOOD KHADEMI,

    Plaintiff,

v.

NIELSEN, et al.,

    Defendants.

No. 2:18-cv-2613 MCE KJN P

ORDER

This civil rights action proceeds on plaintiff's third amended complaint raising Fourteenth Amendment claims against defendants Nielsen, Jones, Langes and Michoul. Plaintiff recently filed two motions, which this court denies without prejudice.

First, on December 9, 2019, plaintiff filed a motion to compel discovery, seeking an order compelling defendants to answer interrogatories. (ECF No. 46.) Plaintiff's request is premature. Defendants have not yet filed an answer, and the court has not yet issued a discovery and scheduling order. Plaintiff is advised that he should refrain from sending discovery requests to defendants until such time as the court issues an order governing discovery.

Second, on January 16, 2019, plaintiff filed a document entitled, "Order to Show Cause for a Preliminary Injunction." (ECF No. 71.) Plaintiff claims he was denied due process following an incident that took place on July 25, 2017.

////

1

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 877 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. See Winter, 555 U.S. at 22 (citation omitted).

In addition, a plaintiff seeking preliminary injunctive relief must demonstrate a sufficient nexus between the injury claimed in the motion and the conduct asserted in the underlying complaint. Pacific Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631,636 (9th Cir. 2015). "The relationship . . . is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted finally." Id. (quotation marks omitted). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." Id.; see Saddiq v. Ryan, 703 F. App'x 570, 572 (9th Cir. 2017) (affirming denial of preliminary injunction because the prisoner did not establish a nexus between the claims of retaliation in his motion and the claims set forth in his complaint).

Plaintiff's filing fails to address the elements required under Winter. Plaintiff does not identify the relief sought; indeed, he seeks injunctive relief based on an incident that took place over two and a half years ago, alleging that he was denied witnesses as well as a staff assistant. However, plaintiff does not challenge a disciplinary hearing in this action. Rather, plaintiff alleges that on July 25, 2017, defendants failed to protect plaintiff from an inmate attack, and then failed to provide medical care. Plaintiff's filing fails to demonstrate a nexus to the facts alleged in the operative pleading, and as such, his allegations will not be heard on the merits in this action. In addition, it is well established that the transfer of an inmate to another prison while his claims are pending generally will moot any claims for injunctive relief. See Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995); Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 1991) (a prisoner's claims for injunctive relief generally become moot upon transfer.). Because

plaintiff is no longer housed at the Placer County Jail, any claim for injunctive relief is now moot. For all of these reasons, plaintiff's filing is insufficient and is denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that plaintiff's filings (ECF Nos. 70, 71) are denied without prejudice.

Dated: January 28, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/khad2613.den