UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI,<br><br>        Plaintiff,<br><br>   v.<br><br>NIELSEN, et al.,<br><br>        Defendants. | No. 2:18-cv-2613 MCE KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

I. Introduction

     Plaintiff is proceeding without counsel. At the time he filed the instant action, plaintiff was a pretrial detainee in the custody of the Placer County Main Jail, but is now housed at the Atascadero State Hospital. This action proceeds on plaintiff's third amended complaint filed March 4, 2019. Presently pending are motions to dismiss plaintiff's third amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendants Langes, Nielsen, and Jones ("moving defendants"). (ECF Nos. 50, 53.) Plaintiff filed oppositions; moving defendants filed replies. On July 26, 2019, plaintiff filed a fourth amended complaint. On August 12, 2019, moving defendants filed a motion to dismiss plaintiff's fourth amended complaint, which is fully briefed.

     For the reasons that follow, the undersigned construes plaintiff's fourth amended complaint as containing a request to amend, and grants the request. In light of such amendment,

1

moving defendants' motions to dismiss directed to the third amended complaint are denied. The undersigned recommends that: (1) defendants' motion to dismiss plaintiff's fourth amended complaint be granted, and (2) this action be dismissed with prejudice.

II. Plaintiff's Fourth Amended Complaint

As argued by the moving defendants, once plaintiff amended his complaint as of right, he was required to seek leave of court prior to filing another amended pleading. Fed. R. Civ. P. 15(a). Plaintiff has amended his original complaint three times, and defendants' motions to dismiss plaintiff's third amended complaint were pending at the time plaintiff filed his fourth amended complaint which was not accompanied by a separate motion to amend. On this record, plaintiff's third amended complaint may only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2). Thus, unless the court grants plaintiff leave to proceed with his fourth amended complaint, his filing was improper under Rule 15(a)(2).

Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). "This policy is to be applied with extreme liberality." C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist., 654 F.3d 975, 985 (9th Cir. 2011). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). But courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951.

Here, plaintiff is proceeding pro se, and the record reflects plaintiff's difficulties in articulating his claims. Moreover, as moving defendants point out, plaintiff's fourth amended complaint provides facts not included in his prior pleading. Such additional facts are related to his pending failure to protect and medical care claims, and may better enable the court to determine whether plaintiff's claims are cognizable. While there was delay in bringing the fourth amended complaint, defendants will not be unduly prejudiced because this case has not yet been scheduled, and defendants have already filed their motion to dismiss the proposed fourth

amended complaint. For all of these reasons, the undersigned construes plaintiff's fourth amended complaint as including a request to amend, and grants the request. Accordingly, defendants' prior motions to dismiss are denied because they address plaintiff's third amended complaint. The court turns now to defendants' motion to dismiss plaintiff's fourth amended complaint.

III. Motion to Dismiss Fourth Amended Complaint

Moving defendants seek dismissal of plaintiff's fourth amended complaint. Plaintiff filed an opposition,[1] and defendants filed a reply.

    A. The Verified Pleading

Plaintiff's pertinent allegations are as follows.[2] (ECF No. 58.) On April 29, 2017, plaintiff was housed in the Placer County Jail pending charges of attempted murder, assault with a deadly weapon other than a firearm, and making criminal threats. (ECF No. 58 at 7.) Plaintiff alleges that defendants Jones, Nielsen, Langes, and Mitchell[3] failed to protect plaintiff by intentionally placing inmate Chapman in plaintiff's cell, with permission from defendant Kennedy. (ECF No. 58 at 5-6.) While plaintiff was housed with inmate Chapman for "a few days," plaintiff noticed Chapman was facing serious felony charges, and was diagnosed with schizoaffective disorder. (ECF No. 58 at 7.) Plaintiff took note of Chapman's history, speech and manic episodes that plaintiff observed while they were cellmates. (ECF No. 58 at 7.) On

---

[1] In addition to addressing plaintiff's constitutional claims, plaintiff included arguments that he is entitled to default judgment against defendants Nielsen, Langes and Jones. (ECF No. 60 at 2.) However, the Clerk of the Court properly declined entry of default on July 18, 2019, because defendants Langes and Nielsen had appeared in the action by filing their motion to dismiss. (ECF Nos. 50, 51.) Plaintiff further complained that the motion did not include defendant Jones; however, defendant Jones had not yet been served (ECF No. 69), which is why defendant Jones separately filed a motion to dismiss on August 12, 2019 (ECF No. 59).

[2] Plaintiff's pleading is difficult to decipher because he includes unrelated allegations concerning his underlying criminal offense and a subsequent alleged use of excessive force by defendant Langes in October of 2018. (ECF No. 58 at 7, 13, 14.)

[3] Service of process on prior defendant Michoul was returned unexecuted (ECF No. 48), but plaintiff did not include Michoul as a named defendant in the fourth amended complaint. Rather, plaintiff added Mitchell and Kennedy as newly-named defendants.

3

July 18, 2017, plaintiff asked to see the sergeant and the officer from classification. Plaintiff alerted defendants Jones, Mitchell, Langes and Nielsen. (ECF No. 58 at 8.) A few hours later, defendants Jones and Mitchell spoke to plaintiff for almost fifteen minutes as plaintiff pointed out various rules and regulations concerning classification, but both defendants refused to allow plaintiff to use the library. (Id.) Plaintiff alleges that defendants' failure to address the issue put plaintiff at substantial risk of harm by not taking the information plaintiff provided. Plaintiff alleges that inmate Chapman was misclassified in light of his prior conviction and his guilty plea to his charges. (ECF No. 58 at 8.)

On July 25, 2017, inmate Chapman, who was on psychotropic drugs, became violent and "appeared he wanted to take [plaintiff's] food forcefully." (ECF No. 58 at 9.) Inmate Chapman started punching plaintiff in the face, resulting in plaintiff losing a tooth and suffering a swollen face and facial pain. (ECF No. 58 at 9.) About five minutes later, rather than using the cell intercom to tell Chapman to stop, defendant Langes responded alone, and pulled both inmates out. Plaintiff was placed in the booking area for almost two hours after the incident. (ECF No. 58 at 12.) Plaintiff contends defendants Nielsen, Jones, Langes and Mitchell were aware of the serious risk of substantial harm "by not paying attention to [plaintiff's] serious medical needs." (ECF No. 58 at 12.) Plaintiff alleges that defendants were deliberately indifferent to plaintiff's serious medical needs following the attack by failing to request an emergency and to transfer plaintiff to an outside hospital.[4] (ECF No. 58 at 12, 13.) After about two hours, defendant Nielsen and RN Shay responded, and RN Shay provided plaintiff with Motrin. No additional medical treatment was provided. Plaintiff requested an examination, pain relief and soft food

---

[4] Plaintiff also included allegations concerning defendants' failure to ensure Chapman was disciplined or charged, but such allegations fail to state a constitutional violation. There is no independent cause of action for violation of jail rules or regulations. See Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); Sweaney v. Ada Cnty., Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (section 1983 creates cause of action for violation of federal law); Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370-71 (9th Cir. 1996) (federal and state law claims should not be conflated; to the extent the violation of a state law amounts to a deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, section 1983 offers no redress) (quotation marks omitted).

4

from the medical department, but there was no response. Plaintiff claims he is still suffering injuries as he recently lost the other half of a tooth injured in the attack, and he does not have enough teeth to chew food. (ECF No. 58 at 14.) Plaintiff seeks declaratory and injunctive relief, as well as monetary damages.

### B. Motion to Dismiss: Legal Standards

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Reiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). The court "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice." Lazy Y Ranch Ltd. V. Behrens, 546 U.S. F.3d 580, 588 (9th Cir. 2006).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner,

404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (*en banc*). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

### 1. Failure to Protect

#### a. Standards Governing Failure to Protect Claim

The Court of Appeals for the Ninth Circuit identifies the "elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim against an individual officer" as follows:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016). In addition, "[w]ith respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the 'facts and circumstances of each particular case.'" Id., citing Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015) (quoting Graham v. Connor, 490 U.S. 386, 396 (1989).

#### b. Discussion

##### i. Initial Alleged Misclassification

Taking the allegations of plaintiff's fourth amended complaint as true, plaintiff fails to allege facts demonstrating that defendant Kennedy unreasonably assigned inmate Chapman to plaintiff's cell. Although plaintiff alleges that the remaining defendants placed Chapman in plaintiff's cell with defendant Kennedy's permission, such allegation is insufficient to demonstrate that any of the remaining defendants were responsible for the classification or initial assignment of Chapman to share a cell with plaintiff. Moreover, plaintiff fails to allege any facts

6

demonstrating defendant Kennedy's involvement after the initial classification of Chapman. Thus, plaintiff's claims arising from the initial misclassification should be dismissed.

In his opposition, plaintiff contends that defendant Kennedy intentionally and knowingly placed inmate Chapman in plaintiff's cell in violation of "the prison rule and policy and the California Code of Regulations." (ECF No. 60 at 5.) Plaintiff argues that "the California Rules of Court" requires that inmates who are being sentenced or have taken a plea deal be housed separately from other inmates. (ECF No. 60 at 6.) In other words, plaintiff appears to argue that Chapman should have been transferred to a state hospital or prison, and not assigned to plaintiff's cell. However, such generalized rules and regulations plaintiff cites are insufficient to support his arguments. He further suggests that inmates cannot be forced to share a cell "unless there is an agreement or permission by the court or more importantly the medical evaluator." (ECF No. 60 at 7.) But plaintiff provides no legal authority for such position. Plaintiff mentions <u>Castro</u>, and concedes the facts in <u>Castro</u> differ from plaintiff's, but <u>Castro</u> lends no support for plaintiff's view that the assignment of cellmates turns on court permission or a medical evaluation.

Importantly, plaintiff fails to allege facts demonstrating that Chapman's initial assignment as plaintiff's cellmate was objectively unreasonable under the circumstances. Unlike the prisoner in <u>Castro</u>, who alleged that he was housed with an inmate who was acting "bizarre" at the time of his arrest, and whose intake form characterized him as "combative," and then Castro was beaten shortly thereafter, plaintiff pleads no such facts here. <u>Castro</u>, 833 F.3d at 1064. Indeed, plaintiff concedes that he was safely housed with Chapman for days before the July 25, 2017 attack. In addition, while plaintiff points to Chapman's criminal charges as evidence of the risk he posed to plaintiff, plaintiff was also facing felony charges involving violence.

    ii. <u>Retaining Plaintiff in Cell With Chapman</u>

Plaintiff has failed to allege facts demonstrating that it was objectively unreasonable for Jones, Mitchell, Langes, or Nielsen to retain plaintiff in the cell with inmate Chapman after July 18, 2017. Plaintiff concedes he was housed with Chapman for a few days without incident while plaintiff observed Chapman's "speech and manic episodes." (ECF No. 58 at 7.) On July 18, 2017, plaintiff "alerted" defendants Jones, Mitchell, Langes, and Nielsen, and then spoke with

defendants Jones and Mitchell a few hours later, but plaintiff fails to set forth the specific facts he shared with any of them. (ECF No. 58 at 8.) Plaintiff claims defendants Mitchell and Jones were aware of plaintiff's "fear for safety prior to the July 18, 2017 meeting," but provides no facts demonstrating such awareness. (ECF No. 60 at 5.) Plaintiff fails to allege specific facts demonstrating that it was objectively unreasonable to leave plaintiff celled with inmate Chapman after July 18, 2017, or that by doing so, plaintiff faced a substantial risk of serious harm.

In his opposition, plaintiff now claims that his cellmate Chapman was "offering his prescribed medications to inmates and not taking [Chapman's] meds [which led] to the substantial risk of [Chapman] being violent and aggressive due to [his] mental instability." (ECF No. 60 at 7.) Plaintiff does not indicate at what point Chapman started not taking his medications. But taking plaintiff's new factual allegation as true, plaintiff includes no facts demonstrating that defendants Jones, Mitchell, Langes, or Nielsen were aware that inmate Chapman was not taking his medications. But even assuming plaintiff told any of these defendants that Chapman was not taking his medications, plaintiff included no facts showing that it was reasonably obvious that Chapman would pose a substantial risk of harm if Chapman did not take his medications.[5]

### iii. Conclusion

Under the standards set forth above, the court cannot find that plaintiff's allegations state a Fourteenth Amendment failure-to-protect claim against defendants Kennedy, Jones, Mitchell, Langes, and Nielsen, and the motion should be granted.

### 2. Deliberate Indifference to Medical Needs

#### a. Governing Standards

A claim of inadequate medical attention by a detainee is based on the Fourteenth Amendment and evaluated under the deliberate indifference standard. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983) (pretrial detainees possess a constitutional right

---

[5] In addition, taking as true the allegation that Chapman stopped taking his medications, such action would likely be an intervening event following defendant Kennedy's initial placement of Chapman in plaintiff's cell, superseding any liability on the part of defendant Kennedy because it would not be reasonably foreseeable that inmate Chapman would offer his medications to other inmates and not take them himself. See Castro, 833 F.3d at 1075.

8

against deliberate indifference to their serious medical needs because such due process rights are "at least as great as the Eighth Amendment protections available to a convicted prisoner."). Courts analyze inadequate medical care claims like other conditions-of-confinement claims, including failure to protect. Gordon v. County of Orange, 888 F.3d 1118, 1123-24 (9th Cir. 2018). Specifically, pretrial detainees must show: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. Id. at 1125.

Pretrial detainees do not have to prove that prison officials who allegedly administered subpar medical treatment were subjectively aware of the medical risk; instead, plaintiffs need only show that the misconduct was objectively unreasonable. Id.; Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473-74 (2015). However, a plaintiff must prove more than mere negligence, or the lack of due care, to prove an intentional deprivation under this standard. Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Castro, 833 F.3d at 1071; Gordon, 888 F.3d at 1125. Even gross negligence or medical malpractice fails to establish a constitutional violation. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990); see also Thompson v. Worch, 6 F. App'x 614, 616 (9th Cir. 2001) (noting that even malpractice does not establish a constitutional violation). "[T]he plaintiff must 'prove more than negligence but less than subjective intent -- something akin to reckless disregard.'" Gordon, 888 F.3d at 1125 (citing Castro, 833 F.3d at 1070).

In addition, where delay in treatment is alleged, "the delay must have caused substantial harm." Wood, 900 F.2d at 1334 (citing Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

b. Discussion

Plaintiff alleges that defendants Mitchell, Jones, Nielsen, and Langes were "not paying attention to [plaintiff's] serious medical need due to wanton and infliction of pain[,] facial

swelling[,] loss of teeth[,] internal injuries around [plaintiff's] mouth and damage to . . . other teeth," and failed to request an emergency transfer to an outside hospital. (ECF No. 58 at 12.) Plaintiff alleges he waited for two hours, during which he suffered bleeding and pain, then defendant Nielsen and RN Shay responded. Plaintiff was provided Motrin, but plaintiff claims no additional services were provided to plaintiff while he was in custody.[6]

Plaintiff's allegations fail to rise to the level of a constitutional violation under the governing standards. Plaintiff was provided medical care by RN Shay two hours after the attack. Plaintiff makes no claim that the alleged delay was intentional on the defendants' part. Rather, he claims they were "not paying attention," which appears to be, at most, negligence. Daniels, 474 US. at 330-31 ("mere lack of due care" is insufficient under the Fourteenth Amendment). Even if the delay in having plaintiff seen by RN Shay constituted negligence, it would not be actionable under Section 1983. See Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."). To the extent plaintiff contends he should have been taken to an outside hospital for treatment rather than being seen by RN Shay, such claim constitutes a mere difference of opinion, which also fails to state a cognizable civil rights claim. A difference of opinion between a prisoner and jail or prison medical staff as to the proper course of treatment for a medical condition does not give rise to a § 1983 claim. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). Finally, plaintiff fails to allege facts demonstrating substantial harm he suffered as a result of the two hours delay.

Moreover, plaintiff includes no specific allegations that he subsequently sought medical care from any of the defendants. Rather, plaintiff states he requested such treatment from "the

---

[6] Plaintiff then discusses an incident of excessive force in 2018, following which he suffered back pain, but concedes he is pursuing those claims in a separate lawsuit, which the court identified as Khademi v. Langes, No. 2:19-cv-0437 JAM EFB P (E.D. Cal.). Because such claims are not relevant to plaintiff's claims resulting from the cellmate attack in July of 2017, the court does not address such allegations. (A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).)

medical department." (ECF No. 58 at 13.) Plaintiff does not identify the nurses or medical providers who allegedly denied him treatment following his initial care by RN Shay. Despite naming numerous custody officers, plaintiff at no time describes any subsequent instances of misconduct by any of the defendants by name. Sherrell v. Bank of Am., N.A., 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011) (held that where a plaintiff sues multiple defendants, "[s]pecific identification of the parties to the activities alleged by [a plaintiff] is required . . . to enable the defendant to plead intelligently.") (internal quotations omitted). In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996) (dismissal of individual defendants proper "because Ortez failed to allege that those defendants knew of or participated in activities connected to the alleged § 1983 violations"). Therefore, plaintiff's allegations concerning the alleged failure to subsequently provide adequate medical care do not meet the pleading standard under Rule 8.[7]

IV. Leave to Amend

Plaintiff has had multiple opportunities to set forth facts demonstrating that his constitutional rights were violated in July of 2017, while he was housed at the Placer County Jail. Despite such efforts, plaintiff has failed to allege sufficient facts demonstrating that defendants unreasonably housed, or unreasonably failed to re-house plaintiff or his cellmate, prior to the July

---

[7] Moreover, as argued by defendants Nielsen, Langes, and Jones, it is unclear whether plaintiff could amend his pleading to state a cognizable Fourteenth Amendment claim for the alleged failure to provide medical care after the July 18, 2017 incident. Plaintiff included no factual allegations that further significant injury was the result of any delay in medical treatment following the July 2017 incident. McGuckin, 974 F.2d at 1060. In addition, court records reflect that plaintiff also alleged that in April of 2017, prior to his instant incarceration, he had a tooth knocked out and another tooth broken during an assault by an individual named Ryan. Khademi v. Vanderwende, No. 2:18-cv-2798 TLN AC P (E.D. Cal.). (A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).) Thus, plaintiff's allegations that over two years later he may have lost part of another tooth or was subsequently denied a soft food diet do not rise to the level of a constitutional violation, and are too attenuated to demonstrate they are related to the alleged two hour delay in treatment following the July 18, 2017 incident.

11

18, 2017 assault. While it is unfortunate that plaintiff was attacked by his cellmate, plaintiff alleges no facts demonstrating that a reasonable officer in the same circumstances as any named defendant would have understood plaintiff faced a high degree of risk by housing plaintiff with inmate Chapman or leaving plaintiff housed with inmate Chapman. Similarly, plaintiff fails to allege sufficient facts demonstrating that any named defendant was deliberately indifferent to plaintiff's serious medical needs. Thus, it would be futile to grant plaintiff leave to amend under these circumstances. See Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend); Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002) (leave to amend need not be granted where amendment would be futile).

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motions to dismiss plaintiff's third amended complaint (ECF Nos. 50, 53) are denied as moot;

2. The undersigned construes plaintiff's fourth amended complaint as including a request to amend, and grants the request;

3. Plaintiff's motion to compel (ECF No. 70) is denied without prejudice.

Further, IT IS RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 59) be granted;

2. Plaintiff's motion for injunctive relief (ECF No. 71) be denied; and

3. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 6, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/khad2613.mtd.4th.AC